UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                      Case No. 8:12-cv-1666-T-30EAJ

JOHN DOES 1-19, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Dkt. 5). Upon review of the motion, and being otherwise advised of the premises, the Court concludes that the motion should be granted in part.

## DISCUSSION

Plaintiff filed this action alleging direct and contributory copyright infringement against nineteen unnamed Defendants ("the John Doe Defendants") for unlawfully reproducing, distributing, or transmitting a motion picture for which Plaintiff holds the copyright (Dkt. 1). Plaintiff has identified the Internet Protocol ("IP") addresses for the John Doe Defendants from which the allegedly infringing conduct has occurred. Plaintiff's motion seeks to issue third-party subpoenas to the John Doe Defendants' Internet Service Providers ("ISPs") to ascertain the John Doe Defendants' true identities prior to the scheduling conference required under Rule 26(f), Federal Rules of Civil Procedure.

Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however. *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. April 4, 2008); *Arista Records LLC v. Does 1-7*, 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008); *see* Fed. R. Civ. P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

Here, Plaintiff has established that it holds a copyright for the motion picture entitled "Introducing Diana" (the "Work") allegedly copied and distributed by the John Doe Defendants through the use of BitTorrent protocol and that a forensic investigation revealed potential infringement of Plaintiff's rights in the Work by the John Doe Defendants (Dkt. 5-2, Declaration of Tobias Fieser ("Fieser Declaration")). Plaintiff has clearly identified the information sought through discovery by identifying the IP addresses of the John Doe Defendants as well as the "hit date," city, state, ISP, and network for each IP address, and shown that it has no other way to obtain the John Doe Defendants' true identities. Moreover, the information Plaintiff seeks is time sensitive because ISPs do not retain user activity logs for an extended duration. *See* Fieser Declaration. If Plaintiff does not timely obtain the John Doe Defendants' identifying information, Plaintiff may lose its ability to pursue its claims in this action. As such, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

Although Plaintiff has shown good cause for early discovery, its broad request does not sufficiently protect against the likelihood that innocent Defendants may be publicly identified by having their identities associated with allegations of illegal downloading or adult films. As another court aptly stated,

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. ... By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.

*SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted). Accordingly, procedural protections are necessary before any identifying information is made public.

It is therefore **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Dkt. 5) is GRANTED IN PART.

2. Plaintiff may serve each of the ISPs, as listed in Exhibit A attached to the Complaint, with a Rule 45 subpoena commanding them to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address of each John Doe Defendant to whom the ISP assigned an IP address. Plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a subpoena as a provider of internet services to

3

      the John Doe Defendants. Plaintiff shall attach a copy of the Complaint and this Order to any subpoena issued pursuant to this Order.

3. Each of the ISPs that qualify as a "cable operator" under 47 U.S.C. § 522(5)[1] shall comply with 47 U.S.C. § 551(c)(2)(B), which provides that

> A cable operator may disclose [personally identifiable information] if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

4. Until the ISPs disclose the John Doe Defendants' identities to Plaintiff, any motion filed by a putative Defendant or his or her counsel which fails to identify the putative Defendant's IP address or the putative Defendant's Doe Number will be denied without prejudice.

5. Upon receipt of the requested information in response to a Rule 45 subpoena served on an ISP, Plaintiff shall only use the information disclosed for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

6. To address potential issues relating to the identity of the John Doe Defendants, the parties shall adhere to the following procedures:

    a. Plaintiff shall immediately inform each John Doe Defendant who contacts Plaintiff or whom Plaintiff contacts that said John Doe Defendant has the right to obtain legal counsel to represent him or her in this matter and that

---

[1] "The term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[.]" 47 U.S.C. § 522(5).

        anything said or provided by the John Doe Defendant can and likely will be used against him or her in this proceeding.

    b.    Any John Doe Defendant who does not wish to be contacted by Plaintiff may at any time inform Plaintiff by phone or send Plaintiff's counsel a letter or e-mail addressed to copyright@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter."

    c.    Plaintiff must notify the John Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the John Doe Defendant at least fourteen (14) calendar days prior to seeking issuance of a summons from the Clerk for the identified John Doe Defendant.

**DONE** and **ORDERED** in Tampa, Florida on August 21, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

S:\Even\2012\12-cv-1666.mtsubpoenas5.wpd