UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MALIBU MEDIA, LLC,**

      **Plaintiff,**

vs.                                             Case No. 8:12-CV-1666-T-30-EAJ

**JOHN DOES 1-19,**

      **Defendants.**
_____/

## ORDER

Before the Court is John Doe 4's **Motion for Protective Order, With Motion to Quash and Motion to Dismiss, With Incorporated Memorandum of Law** (Dkt. 10). John Doe 4 seeks, *inter alia*, to quash a subpoena requiring John Doe 4's Internet Service Provider ("ISP") to release John Doe 4's identifying information to Plaintiff Malibu Media, LLC ("Plaintiff").

Plaintiff alleges that nineteen unnamed John Doe Defendants infringed its registered copyright in an adult film by using a BitTorrent[1] file sharing protocol to illegally download the adult film. Through a forensic investigation, Plaintiff obtained the Internet Protocol ("IP") addresses involved in the infringing conduct, but not the names of the individuals registered to the IP addresses. On August 21, 2012, the Court granted Plaintiff's motion to subpoena the ISPs to obtain the names and other identifying information of the individuals registered to the IP addresses. (Dkt. 6) A subpoena to John Doe 4's ISP was issued by the United States District Court for the District of New Jersey commanding the production of documents from Comcast Corporation's Legal

---

[1] BitTorrent is a peer-to-peer file sharing protocol that allows users to simultaneously download and upload files from each other. (Dkt. 1 ¶¶ 14-15)

Demand Center in Moorestown, New Jersey. (Dkt. 10 Ex. 1 at 5)  Thereafter, John Doe 4 received a letter from John Doe 4's ISP, informing John Doe 4 that the ISP would release John Doe 4's identifying information pursuant to a subpoena unless John Doe 4 took legal action. (Dkt. 10 Ex. 1 at 4)

On September 26, 2012, John Doe 4 filed this motion seeking a protective order. (Dkt. 10)  John Doe 4 acknowledges that John Doe 4 is the internet account holder for IP address 76.101.216.242 (Dkt. 10 at 1), which Plaintiff alleges was used to unlawfully download Plaintiff's copyrighted films on May 1, 2012. (Dkt. 1 Ex. 1)  However, John Doe 4 states that John Doe 4 did not illegally download or cause anyone else to illegally download Plaintiff's copyrighted adult film. (Dkt. 10 Ex. 1 at 1)  John Doe 4 raises other grounds for relief which are not addressed in this order.

Although the motion for protective order was recently filed, and Plaintiff has not yet responded to the motion for protective order, the Court finds that a hearing is necessary, and prohibits Plaintiff from issuing a summons to John Doe 4 or otherwise identifying John Doe 4 in the public record pending a ruling on the motion for protective order. Plaintiff is also prohibited from using the information except as provided in the Court's August 21, 2012 order.

The Court will not quash the subpoena issued to John Doe 4's service provider because the Court has already determined that the information is necessary for the case to proceed, and Plaintiff is prohibited from using the information except as provided in the Court's August 21, 2012 order and this order.  Additionally, "[o]n timely motion, the issuing court must quash or modify the subpoena . . . ." Fed. R. Civ. P. 45(c)(3)(A).  The subpoena issued to John Doe 4's service provider was issued by the United States District Court for the District of New Jersey.  The Middle District of Florida was not the issuing court for the subpoena, thus the motion to quash the subpoena is

denied without prejudice, to be refiled in the appropriate court. See <u>Malibu Media, LLC v. Does 1-13</u>, No. 2:12-CV-177-FtM-29SPC, 2012 WL 3946391, at *2 (M.D. Fla. Aug. 1, 2012).

Accordingly, and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) John Doe 4's Motion for Protective Order, With Motion to Quash and Motion to Dismiss, With Incorporated Memorandum of Law (Dkt. 10) is **GRANTED IN PART and DENIED IN PART** as set forth above;

(2) A hearing on the motion for protective order and to dismiss will be noticed by subsequent order.

**DONE** and **ORDERED** in Tampa, Florida on this 27th day of September, 2012.

_____
ELIZABETH A JENKINS
United States Magistrate Judge